SWATCH WATCH, S.A., Eta S.A. Fabriques d'Ebauches, Swatch Watch, U.S.A., Inc., Plaintiffs-Appellants,

v.

TAXOR INC., Chun Chung Lee, Hin Nam Mak, Defendants-Appellees.

No. 85–5989.

United States Court of Appeals, Eleventh Circuit.

April 2, 1986.

Jonathan D. Wallace, Meatto, Russo, Burke & Wallace, New York City, for plaintiffs-appellants.

Edward F. McHale, Malin Haley & McHale, P.A., Miami, Fla., for defendants-appellees.

Before JOHNSON and HATCHETT, Circuit Judges, and ALAIMO [*], District Judge.

HATCHETT, Circuit Judge:

In this trademark infringement case, appellants, Eta S.A., Fabriques D'Ebauches, Swatch Watch, S.A., and Swatch Watch U.S.A., Inc. (collectively Swatch), appeal from an order of the district court denying their motion for a preliminary injunction against appellee, Taxor, Inc. We affirm.

## FACTS

Swatch manufactures and distributes fashion items under the "SWATCH" trademark. Swatch has been particularly successful in marketing its SWATCH Watch. Testimony revealed that in 1984, a million SWATCH Watches were sold in the United States, and in 1985, sales figures were expected to exceed $3.5 million.

Much of SWATCH Watch's success can be attributed to Swatch's aggressive marketing campaign and sophisticated merchandising scheme. Swatch targets the wealthier youth market. The watches are sold through high quality retail outlets for $30 each and have received critical acclaim for their quality and affordability.

Appellee, Taxor, Inc., sells to retailers, on a wholesale basis, a line of watches under the name T-WATCH. Taxor markets its T-WATCH by advertising in trade journals and by attending trade shows. The T-WATCH is inferior in quality to the SWATCH Watch and sells for about $15.

In addition to SWATCH Watch and T-WATCH, Q'WATCH, A-WATCH, and LE WATCH compete in the lucrative "alphabetical watch" market.

Alleging a confusion similarity between Taxor's T-WATCH and its SWATCH Watch, Swatch brought suit against Taxor for trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125 and Florida common law, and dilution under Florida Statute 495.151. Swatch also filed a motion for a temporary restraining order and preliminary injunction. The district court granted the temporary restraining order and held an expedited evidentiary hearing.

By orders dated October 11, 1985, and October 22, 1985, the district court vacated the temporary restraining order and denied Swatch's motion for a preliminary injunction. The district court found no likelihood of confusion between the SWATCH Watch and T-WATCH. On November 27, 1985, this court granted Swatch's motion for an expedited appeal.

We review the district court's ruling of no likelihood of confusion between Swatch Watch and T-Watch.

---

* Honorable Anthony A. Alaimo, Chief U.S. District Judge for the Southern District of Georgia, sitting by designation.

## DISCUSSION

### A. Likelihood of Confusion

Under the Lanham Act, 15 U.S.C. § 1114(1)(a), any person who uses "a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive ... shall be liable ... for the remedies [including injunctive relief] hereinafter provided." The central issue in trademark infringement cases brought pursuant to this section of the Lanham Act is whether a defendant's trademark is likely to cause confusion. This is a factual inquiry; therefore, we must uphold the district court's finding unless clearly erroneous. *E. Remy Martin & Co. v. Shaw-Ross International Imports*, 756 F.2d 1525, 1529 (11th Cir. 1985).

A district court's factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *University of Georgia Athletic Association v. Laite*, 756 F.2d 1535, 1543 (11th Cir.1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

This court has identified several factors for consideration in determining whether a likelihood of confusion between two trademarks exists: (1) the type of mark, (2) the similarity of design, (3) the similarity of the product, (4) the identity of retail outlets and purchasers, (5) the similarity of advertising media used, (6) the defendant's intent, and (7) actual confusion. *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir.1983); *Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 890 (11th Cir.1983).

The court does not have to consider all of these factors in every case and in some cases, "new" factors may merit consideration. "The real question is whether the court's *ultimate* determination about the 'likelihood of confusion' was correct." *University of Georgia Athletic Association v. Laite*, at 1543.

In arriving at its conclusion that no likelihood of confusion existed in this case, the district court mentioned—but did not discuss—all of the factors mentioned above. The factors considered most important were set forth in the summary of findings and conclusions:

2. The SWATCH Watch name is not of sufficient strength to warrant the relief requested. [Citation omitted.] This conclusion is buttressed by the multiple "alphabetical" watches competing in the market.

3. Neither the general profile of the SWATCH Watch or the claimed marks are so similar to the T-WATCH as to give rise to consumer confusion.... Accordingly, there is no likelihood that consumers would confuse the T-WATCH with the SWATCH Watch. [Citation omitted.]

. . . .

4. Swatch has failed to establish any secondary meaning. [Citation omitted.]

After reviewing the record, we are convinced that the district court's "ultimate determination about the likelihood of confusion" was not clearly erroneous. Although we agree with the district court that this is a "close case," our conclusion that its findings are not clearly erroneous is well supported. The conclusion is buttressed by the fact that the district court considered factors, such as price and packaging, which are not mentioned in the above "test," but which are clearly relevant in determining whether a likelihood of confusion existed between the SWATCH Watch and T-WATCH marks.

### B. Preliminary Injunction

Four factors must be present before a district court grants a preliminary injunction pursuant to the Lanham Act: (1) a substantial likelihood that the plaintiff will prevail on the merits; (2) a substantial threat that the plaintiff will suffer irreparable harm if the injunctive relief is not granted; (3) a threatened injury to the

plaintiff which outweighs the threatened harm an injunction would cause the defendant; and (4) the injunction must not disserve the public interest. *E. Remy Martin* at 1529–30 n. 13; *Buchanan v. U.S. Postal Service,* 508 F.2d 259, 266 (5th Cir.1975). The standard of review for the district court's denial of a motion for preliminary injunction is abuse of discretion. *E. Remy Martin & Co.,* 756 F.2d at 1529.

■ Having concluded that the district court's finding that no likelihood of confusion exists between Swatch's SWATCH Watch and Taxor's T–WATCH is not clearly erroneous, we find the first of the factors above—likelihood that the plaintiff will succeed on the merits—absent in this case. We need not consider the other factors; we hold that the district court did not abuse its discretion in denying Swatch's motion for a preliminary injunction.

We also agree with the district court that the state claims based on "palming off" are resolved by the rejection of the Lanham Act claims.

Accordingly, we affirm the district court's denial of Swatch's motion for a preliminary injunction pursuant to the Lanham Act.

**AFFIRMED.**