**SOLAR COSMETICS LABS, INC., Plaintiff,**

v.

**SUN–FUN PRODUCTS, INC., et al., Defendants.**

**No. 96–33–CIV–T–24(C).**

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 22, 1996.

Michael Cesarano, Bienstock & Clark, Miami, FL, Stephen M. Gaffigan, Robert C. Kain, Jr., Cesarano, Kain & Van Der Wall, Miami, FL, for Solar Cosmetic Labs.

Steven G. Schwartz, Mattlin & McClosky, Boca Raton, FL, Avery B. Goodman, Avery B. Goodman, P.A., Tampa, FL, Alan E. Schiavelli, James N. Dresser, Antonelli, Terry, Stout & Kraus, Arlington, VA, for Sun–Fun Products.

Steven G. Schwartz, Mattlin & McClosky, Boca Raton, FL, for Paul Burke.

*ORDER*

BUCKLEW, District Judge.

This Cause is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. No. 2, filed January 5, 1996).

This motion was considered by United States Magistrate Judge Elizabeth A. Jenkins, pursuant to an Order of Referral dated January 5, 1996 (Doc. No. 4). After several continuances at the request of the parties, Judge Jenkins completed her hearings on this matter on July 18, 1996 and subsequently filed her Report and Recommendation on August 2, 1996. Although Judge Jenkins concluded that the elements of likelihood of success on the merits, balance of hardships and public interest weighed in favor of the Plaintiff, she recommended that the request for preliminary injunction be denied because the Plaintiff had failed to show irreparable harm.

All parties were furnished copies of the Report and Recommendation and were afforded an opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Plaintiff filed its objections on August 16, 1996 (Doc. No. 91). Defendants filed their exceptions and objections on August 19, 1996 (Doc. No. 92). Although both parties had until approximately September 6, 1996 to file responses, neither party filed a response.

### District Court's Standard of Review

The motions were referred by this Court to Magistrate Judge Jenkins pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the applicable standard of review is a *de novo* determination of the portions of the report to which objections were made.

### Background

Plaintiff seeks to preliminarily enjoin Defendant Sun–Fun Products, Inc. and its agents and/or representatives from infringing upon Plaintiff's trade dress rights in its label format and color scheme used in connection with Plaintiff's NO–AD skin tanning and sunscreen product line. Plaintiff alleges that Defendant Sun–Fun Products, Inc. willfully adopted a label format and color scheme for its Native Tan sunscreen which is confusingly similar to Plaintiff's orange, magenta, green and blue NO–AD bottles.

### Overview of Objections

The gravamen of Plaintiff's objections is that Judge Jenkins erred as a matter of law in finding that Plaintiff suffered no irreparable harm even though she concluded there existed a likelihood of confusion between the Plaintiff's and Defendants' products. Plaintiff contends that under Eleventh Circuit case law once a likelihood of confusion is demonstrated, irreparable harm *automatically* follows.

Additionally, Plaintiff objects to two "facts" determined by Judge Jenkins and maintains that these incorrect "facts" contributed to the legal error noted above. Specifically, Plaintiff first objects to the "fact" that Defendant Sun–Fun permanently changed its label format in January or February of 1996. Plaintiff notes that while Defendants indicated that the change in the label format was a permanent change, there is no stipulation rendering the change permanent. Plaintiff also objects to the "fact" that all of Defendant Sun–Fun's products will be taken off the shelves the week after Labor Day and returned to the manufacturer. Plaintiff contends testimony before the Court reveals that most retailers only reduce their inventory of sun care products after Labor Day. They do not eliminate all their inventory of such products.

Defendants do not contest or object to the ultimate recommendation, but rather object to certain factual findings and conclusions. In reviewing these objections, the Court is most concerned with Defendants' comments concerning the issue of irreparable harm. Defendants note that Plaintiff's objection does not challenge Judge Jenkins' conclusion that no irreparable harm exists, but rather argues that as a matter of law such evidence was unnecessary. Without citing any case law, Defendants then assert that "this argument flies in the face of all the pertinent trade dress case law addressing injunctive relief. In short, plaintiff wants to read out of its burden of proof any requirement to show harm or balancing of impact of injunction on the parties." Doc. No. 92 at 9.

In conclusion, Defendants maintain that the balance of equities mandates the denial of Plaintiff's motion. First, the granting of the injunction would be devastating to the Defendants. It would likely cause the Defendants to declare bankruptcy. Second, the issue is moot. The product label format has been changed, none of the disputed products

are under current manufacture and all of the old disputed products were to have been returned to the manufacturer.[1]

## Discussion

■ For the Plaintiff to obtain a preliminary injunction under the Lanham Act, it must prove: (1) a substantial likelihood of success on the merits;[2] (2) a substantial threat that Plaintiff will suffer irreparable injury if the injunctive relief is not granted; (3) a threatened injury to the Plaintiff which outweighs the threatened harm an injunction would cause the Defendants; and (4) the granting of the injunction would not disserve the public interest. *Swatch Watch, S.A. v. Taxor, Inc.*, 785 F.2d 956, 958–59 (11th Cir. 1986). As previously noted, Judge Jenkins found that Plaintiff established all of the elements except irreparable harm. In reaching this conclusion, Judge Jenkins emphasized the facts before her: (1) the labels had been permanently changed; (2) the old labels were to be removed from the shelves shortly; and (3) the Plaintiff failed to show a causal nexus between the introduction of Defendant Sun–Fun's Product in 1995 and the impact on Plaintiff's sales.

■ The main issue before this Court is whether Judge Jenkins' conclusion that a likelihood of confusion existed between the Plaintiff's and Defendant's products mandates a finding of irreparable harm. Relying heavily on the language in *BellSouth Advertising & Publishing Corp. v. Real Color Pages, Inc.*, 792 F.Supp. 775, 784 (M.D.Fla. 1991), Plaintiff concludes that as a matter of law the existence of likelihood of confusion automatically constitutes irreparable harm.

In reviewing the relevant case law, the Court concludes that the issue is not as clear as Plaintiff contends. Some Circuits state the rule in terms of a presumption. "Once the plaintiff in an infringement action has established a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief does not issue." *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1220 (9th Cir. 1987); *see also* J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30.18[2] n. 11 (3rd Ed.1996). Others conclude that "where the plaintiff makes a strong showing of likely confusion, 'irreparable' injury follows as a matter of course." MCCARTHY, *supra*, § 30.18[2] n. 9.

A review of District Court opinions from within the Eleventh Circuit reveals conflicting opinions as to whether irreparable harm flows automatically from a substantial showing of likely confusion, whether irreparable harm may flow from a substantial showing of likely confusion, or whether it is merely presumed. Some courts conclude that irreparable harm automatically flows from a substantial showing of likely confusion. *See BellSouth Advertising & Publishing Corp.*, 792 F.Supp. at 784 (stating "the law is well settled that the existence of a likelihood of confusion constitutes irreparable injury, as a matter of law, sufficient to satisfy the requirements of Federal Rule of Civil Procedure 65"); *Sundor Brands, Inc. v. Borden, Inc.*, 653 F.Supp. 86, 93 (M.D.Fla.1986) (finding that "the law is settled that the existence of a likelihood of confusion constitutes irreparable injury, as a matter of law, sufficient to satisfy the requirements of Fed.R.Civ.P. 65").

Other courts state irreparable harm may follow from a substantial showing of irreparable harm. *See Carillon Importers, Ltd. v. Frank Pesce Group, Inc.*, 913 F.Supp. 1559, 1568 (S.D.Fla.1996) (noting that "in trade dress and trademark cases, a sufficiently strong showing of likelihood of confusion may

---

1. Judge Jenkins specifically noted on page 27, footnote 4 of her Report and Recommendation that the issue of trade dress infringement as for the new product label was not before her. "Whether the label format of the new products infringes upon plaintiff's trade dress was not presented and this court makes no findings regarding that issue."

2. For the Plaintiff to prevail on its claim of trade dress infringement, it must prove: (1) the trade dress is inherently distinctive or has acquired secondary meaning; (2) the features of the trade dress are primarily non-functional; and (3) the Defendant Sun–Fun's trade dress is confusingly similar. *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1535 (11th Cir.1986), *cert. denied, Kraft, Inc. v. AmBrit, Inc.*, 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 822 (1987).

also constitute a showing of a substantial threat of irreparable harm"); *Clayton v. Howard Johnson Franchise Sys., Inc.*, 730 F.Supp. 1553, 1561 (M.D.Fla.1988) (stating "given the substantial likelihood of confusion, HJCI has met its burden of proving a substantial threat of irreparable harm.... In this case, HJCI has made a sufficiently strong showing of a likelihood of confusion that it has also demonstrated irreparable harm"); *Schmidt v. Honeysweet Hams, Inc.*, 656 F.Supp. 92, 96 (N.D.Ga.1986) (concluding that "plaintiffs' strong showing of a likelihood of confusion in this case also establishes substantial threat of irreparable harm to the plaintiffs").

Finally, one opinion maintains that irreparable harm is presumed. *See Robarb, Inc. v. Pool Builders Supply of the Carolinas, Inc.*, 696 F.Supp. 621, 630 (N.D.Ga.1988) (holding that "where a plaintiff has made a showing of substantial likelihood of confusion between its product and an allegedly infringing competitor's, risk of irreparable injury may be *presumed as a matter of law*") (emphasis added).

In addition to the above opinions, two District Courts within the Former Fifth Circuit have commented on the issue. In *Rubber Specialty, Inc. v. Sneaker Circus, Inc.*, 195 U.S.P.Q. 798, 802, 1977 WL 22727 (S.D.Fla. 1977), the court stated the following:

> Considering the question of whether there is a substantial threat that Plaintiffs will suffer irreparable harm if interlocutory injunctive relief is not granted, it is noted that the Courts of this circuit subscribe to the rule that infringement of a trademark is, by its very nature, an activity which causes irreparable harm—irreparable in the sense that no final decree of a court can adequately compensate a plaintiff for the confusion that has already occurred. *Carling Brewing Co. v. Philip Morris, Inc.*, 277 F.Supp. 326 (N.D.Ga.1967).

In *Council of Better Business Bureaus, Inc. v. Better Business Bureau of South Fla., Inc.*, 200 U.S.P.Q. 282, 299, 1978 WL 21729 (S.D.Fla.1978), the court reiterated the conclusion of the *Rubber Specialty, Inc.* opinion. "This Court has recently recognized, as have many courts before it, that this potential injury to one's reputation is the gravamen of trademark infringement which by its very nature gives rise to irreparable harm."

As the above opinions indicate, the issue has not been clearly resolved. However, a review of Fifth Circuit and Eleventh Circuit opinions is helpful. One Fifth Circuit opinion calls into question the two "Former Fifth" District Court opinions. In *Plains Cotton Co-op. Ass'n of Lubbock, Tex. v. Goodpasture Computer Service, Inc.*, 807 F.2d 1256, 1261 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S.Ct. 80, 98 L.Ed.2d 42 (1987), the court noted that the Fifth Circuit on more than one occasion has declined to presume the existence of irreparable harm. The court then stated that "we have made it clear in our decisions that preliminary injunctions will be denied based on a failure to prove separately each of the four elements of the four prong test for obtaining the injunction." *Id.* (quoting *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 390 (5th Cir.1984)).

Although the conclusions of the District Courts within the Eleventh Circuit differ, they all cite to *E. Remy Martin & Co. v. Shaw–Ross Int'l Imports, Inc.*, 756 F.2d 1525 (11th Cir.1985), in reaching their conclusions. The court in *Remy Martin* found that a "sufficiently strong showing of likelihood of confusion" does not automatically mandate the finding of irreparable harm. Rather, such a finding may constitute irreparable harm. "This means that a sufficiently strong showing of likelihood of confusion may by itself constitute a showing of substantial likelihood of prevailing on the merits and/or a substantial threat of irreparable harm." *E. Remy Martin & Co.*, 756 F.2d at 1530 (emphasis added). Moreover, the Eleventh Circuit specifically emphasized that a "strong showing of likelihood of confusion" must exist before a court can even consider whether irreparable harm is to naturally follow. *Id.* (emphasis added).

In light of the above the Court turns to Plaintiff's objections. As previously noted, pursuant to 28 U.S.C. § 636(b)(1) the applicable standard of review is a de novo determination of the portions of the report to which objections were made. Although Plaintiff also objects to certain factual conclusions made by Judge Jenkins, the gravamen of Plaintiff's objection is that under the prece-

dent in *BellSouth* and *Remy Martin* "the irreparable injury requirement of the *Swatch* test is automatically satisfied based on a finding of likelihood of success on the merits. In view of the foregoing binding precedent, the Magistrate's recommendation that Solar's Motion for Preliminary Injunction be denied based upon a lack of substantial threat of irreparable injury is improper." Doc. No. 91 at 4 (emphasis added). The Court rejects this argument.

Although the Eleventh Circuit has not addressed whether the moving party must separately establish the four elements of the four prong test for obtaining injunctive relief,[3] it is clear that irreparable harm does not automatically follow from a substantial showing of likelihood of confusion. Rather, under *Remy Martin,* irreparable harm may follow from a substantial showing of likelihood of confusion. *E. Remy Martin & Co.,* 756 F.2d at 1530. Thus, Plaintiff's objection is an incorrect statement of the law and must be rejected. Moreover, in light of the narrow review requirements of 28 U.S.C. § 636(b)(1) this Court is not required to determine whether Plaintiff has in fact made a "substantial showing of likelihood of confusion" which would support a finding of irreparable harm. Plaintiff has offered no such argument. Furthermore, Judge Jenkins heard the evidence. She was well aware of the "may follow from a substantial showing of likelihood of confusion" language and chose not to find a substantial threat of irreparable harm.

As for the remaining objections offered by the parties, the Court, having conducted an independent review of the record, adopts Judge Jenkins's Report and Recommendation. Accordingly, it is **ADJUDGED AND ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. No. 2, filed January 5, 1996) is **DENIED.** Judge Jenkins' Report and Recommendation is **ADOPTED AND HEREBY INCORPORATED.**

**3.** *See Plains Cotton Co-op Ass'n of Lubbock, Tex.,* 807 F.2d at 1261 (stating "on the contrary, we have made it clear in our decisions that preliminary injunctions will be denied based on a failure to prove separately each of the four elements of the four prong test for obtaining the injunction").